IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD. as Subrogee of KEYSTONE UNIFORM CAP CORP.<br>One Hartford Plaza<br>Hartford, CT 06155<br><br>                                   Plaintiff.<br><br>v.<br><br>H.R. BENJAMIN, INC.<br>237 Tolbut Street<br>Philadelphia, PA 19152<br><br><br>                                   Defendant. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>Case No. 2:22-cv-3649 |

## COMPLAINT

Plaintiff, SENTINEL INSURANCE COMPANY, LTD., as subrogee of KEYSTONE UNIFORM CAP CORP., by and through its counsel, hereby demands judgment against the above-named Defendant and, in support thereof, alleges the following:

## THE PARTIES

1. Plaintiff, Sentinel Insurance Company, Ltd. ("Plaintiff"), proceeding as subrogee of Keystone Uniform Cap Corp., (hereinafter referred to as "Keystone") is an organization organized and incorporated under the laws of the State of Connecticut. Its principal place of business is located at One Hartford Plaza, Hartford, CT 06105.

2. At all times relevant hereto, Plaintiff was authorized to engage in the business of insurance in the Commonwealth of Pennsylvania, including to its named insured, Keystone.

3. Defendant, H.R. Benjamin, Inc., is a Pennsylvania corporation, with a principal place of business located at 237 Tolbut Street, Philadelphia, PA 19152.

4. At all times material hereto, Defendant's business, among other things, providing electrical service work for commercial properties.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interests and costs).

6. Personal jurisdiction exists because Defendant is a Pennsylvania corporation which has purposely availed itself of the benefit of the laws of this judicial district.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant is a resident of the Commonwealth of Pennsylvania, resides in this district, and because a substantial part of the events given rise to the claim occurred in this district.

## FACTS

8. All preceding allegations are incorporated herein by reference as though fully set forth at length.

9. On or about November 4, 2010, Defendant entered into a contract with Keystone, in which they agreed to perform significant electrical work to commercial property located at 2251 Fraley Street, Philadelphia, PA. 19137-1824 (hereinafter "the subject premises").

10. Defendant agreed to perform its work as set forth in the contract, which consisted of not only the November 4, 2010 revised proposal, but also prior proposals which were incorporated into the final contract, and dated June 26, 2010, including Section 7 which states:

> "7. Installation shall include, prior to start of project, a review of all existing loads throughout the building to determine specific breaker quantities and sizes to be ordered in duo distribution panel. This work shall be done in advance prior to starting and installation shall include design drawing by H.R. Benjamin forwarded to Licensed P.E. for design seal for permit."

-3-

11. Upon information and belief, this language in the proposal that is included in the revised proposal serves as part of the contract requiring Defendant to perform a review of the electrical conduit routing and existing conduits for the feeders in the relevant places at the subject premises.

12. Pursuant to the contract, Defendant had sole responsibility for and control over the means, methods, and procedures for completing the electrical work pursuant to its agreement with Keystone.

13. On or about November 27, 2020 (hereinafter "Incident"), a fire occurred at the subject premises at or near a junction box within warehouse space utilized by Keystone.

14. As a result of the fire, Keystone suffered damage to its real and personal property, including extra expenses and loss of income.

15. At the time of the Incident giving rise to the claims asserted in this lawsuit, Keystone was covered by an insurance policy issued by Plaintiff, with a policy number of 39 SBA RP5861.

16. After the Incident, Keystone made a claim for benefits pursuant to the insurance policy for the damages suffered, and Plaintiff made payments pursuant to Keystone's insurance claim.

17. Plaintiff is conventionally and/or equitably subrogated, to the extent of its payments, to Keystone's rights or recovery or causes of action against third parties, including Defendant.

18. The negligence and other liability producing conduct by Defendant was a direct and proximate cause of the damage Keystone suffered.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. DEFENDANT

19. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length.

20. Defendant had a common law duty, arising independent of their contract, to exercise reasonable care in the performance of its work, so as to not damage Keystone's real and personal property.

21. Defendant had a common law duty, arising independent of their contract, to exercise reasonable care not to create an unreasonable risk of harm to Keystone's property.

22. Defendant breached the duty of care owed to Keystone by not exercising reasonable care in one or more of the following ways:

   (a) failing to supervise the work they were to perform;

   (b) failing to supervise its work in a manner that failed to identify the grounding deficiencies in the installation of the electrical upgrades being made to the main electrical room to the subject premises, and/or the junction boxes to which these electrical connections were made, that were located either on top of the building which housed the main electrical room, or within the warehouse space occupied by Keystone;

   (c) failing to perform the work without properly trained employees;

   (d) failing to perform or furnish their service in conformance with the standard of the care in the electrical contractor industry at the time the services were supplied and furnished;

   (e) failing to warn Keystone about the defective nature of the electrical work that they performed and/or installed and/or the dangers associated with the installation; and

   (f) failing to otherwise exercise due and reasonable care under the circumstances.

23. Defendant's breach of the standard of care was a substantial factor in causing the Incident.

24. As a direct and proximate result of Defendant's negligence, Keystone suffered real and personal property damages in the amount of $2,438,226.94, including extra expense and loss of income damages.

25. Plaintiff is equitably and/or conventually subrogated, to the extent of its payments, to Keystone's rights of recovery against third parties, including Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant, H.R. Benjamin, Inc. for damages, together with prejudgment and post-judgment interests, costs of suit, and such other relief as the Court deems equitable and just.

### COUNT II – BREACH OF CONTRACT
### PLAINTIFF v. DEFENDANT

26. Plaintiff incorporates the allegations contained in the preceding paragraphs as though set forth at length.

27. Pursuant to the contract, Defendant represented it was experienced in the field of electrical work and agreed to be responsible for all electrical service work that it provided to Keystone.

28. Defendant also agreed to perform all work in accordance with the contract, which included the various proposals that were finalized in the November 4, 2010 revised proposal.

29. In addition, Keystone agreed to furnish its best skill to advance Keystone's interests, and to perform the work in the best way that was in full compliance with accepted standards of custom in the industry.

30. In failing to undertake the steps necessary to perform this electrical work required under the contract in a manner that was free from defects, and/or free from causing harm to

safety of persons or property, by failing to ensure that all electrical connections to the main electrical room were property grounded (which includes to the junction box located on the roof of the building where the main electrical room was located, and to the warehouse space occupied by Keystone), Defendant breached its contractual obligations to Keystone.

31. Defendant's breach of contract was a substantial factor in causing the incident.

32. As a direct and proximate result of Defendant's negligence, Keystone suffered real and personal property damages in the amount of $2,438,226.94, including extra expense and loss of income damages.

33. Plaintiff is equitably and/or conventually subrogated, to the extent of its payments, to Keystone's rights of recovery against third parties, including Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant, H.R. Benjamin, Inc. for damages, together with prejudgment and post-judgment interests, costs of suit, and such other relief as the Court deems equitable and just.

### COUNT III – BREACH OF WARRANTY
### PLAINTIFF v. DEFENDANT

34. Plaintiff incorporates the allegations contained in the preceding paragraphs as though set forth at length

35. Defendant knew or should have known that Keystone was the party to which they were performing a significant electrical upgrade to the subject premises at their behest.

36. Under the implied terms of the contract - terms that were implied by law – was that Defendant would perform their work in a good and workmanlike manner and that it would be fit for its intended purpose.

37. Defendant's breach of warranty was a substantial factor in causing the Incident.

29318657v.1

-7-

38.     For the reasons set forth in the preceding counts, Defendant breached the terms of implied warranty that they would perform their work in a good and workmanlike manner and that it would be fit for its intended purpose.

39.     As a direct and proximate result of Defendant's negligence, Keystone suffered real and personal property damages in the amount of $2,438,226.94, including extra expense and loss of income damages.

40.     Plaintiff is equitably and/or conventually subrogated, to the extent of its payments, to Keystone's rights of recovery against third parties, including Defendant.

**WHEREFORE**,  Plaintiff demands judgment against Defendant, H.R. Benjamin, Inc. for damages, together with prejudgment and post-judgment interests, costs of suit, and such other relief as the Court deems equitable and just.

Respectfully submitted,

_____
Brian E. Tetro, Esquire
EDPA Bar No.: 83630
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
215-864-7070
215-789-6670 fax
tetrob@whiteandwilliams.com

Dated: September 13, 2022